IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 10-0116-WS |
| | ) |
| KENNETH LEE GREEN, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the defendant's motion for relief pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 295).[1] The defendant asks the Court to give retroactive effect to Amendment 794 of the sentencing guidelines and to reduce his sentence accordingly.

The problem, however, is that Amendment 794 is not retroactive to the defendant's case. The defendant believes that *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), establishes that Amendment 794 applies retroactively, but that case actually holds only that "it applies retroactively *to direct appeals*." *Id*. at 523 (emphasis added). The defendant's appeal became final in 2012, (Docs. 181-83), and he cannot take another.

Whether an amendment to the guidelines applies retroactively for purposes of Section 3582(c)(2) is governed by that statute. A sentencing court may modify a term of imprisonment based on retroactive application of a Guidelines amendment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement says that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). The list found at U.S.S.G. § 1B1.10(d) does not

---

[1] The defendant styles himself as the "petitioner" and the government as the "respondent." (Doc. 295 at 1). A motion under Section 3582(c)(2), however, is a continuation of the criminal proceeding and thus utilizes the criminal style. *E.g., United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010) ("[A] § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case ….") (internal quotes omitted).

mention Amendment 794.  The amendment therefore cannot be applied retroactively to the defendant.[2]

For the reasons set forth above, the defendant's motion is **denied**.

DONE and ORDERED this 29th day of September, 2016.

        s/WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The defendant suggests that Amendment 794 is merely a "clarifying" amendment. (Doc. 295 at 5).  The distinction between clarifying amendments and substantive amendments is of no consequence for purposes of a Section 3582(c)(2) motion.  *See, e.g., United States v. Armstrong*, 347 F.3d 905, 908-09 (11th Cir. 2003) ("While consideration of … a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2). … [O]nly amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).").