# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 10-0116-WS |
| ) | |
| KENNETH LEE GREEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion to reopen and reconsider his previously denied motion for relief under 18 U.S.C. § 3282(c)(2). (Doc. 300).[1] The defendant asks the Court to give retroactive effect to Amendment 794 of the sentencing guidelines and to reduce his sentence accordingly. The defendant previously asked for this relief, (Doc. 295), and the Court previously denied it. (Doc. 296). That ruling remains correct for the reasons set forth therein.

It was and remains true that Amendment 794 is not retroactive to the defendant's case. The defendant previously relied on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), a case that actually holds only that Amendment 794 "applies retroactively *to direct appeals*." *Id*. at 523 (emphasis added). The defendant's appeal became final in 2012, (Docs. 181-83), and he cannot take another; the retroactivity of Amendment 794 to direct appeals is legally irrelevant.

On the instant motion, the defendant adds citations to cases from the Fifth, Sixth and Eleventh Circuits for the same proposition – that Amendment 794 applies retroactively. Each of these cases applied Amendment 794 retroactively on direct appeal, and none remotely suggests that the amendment can permissibly be applied on a motion to reduce sentence under Section 3282(c)(2).

---

[1] The defendant styles himself as the "petitioner" and the government as the "respondent." (Doc. 300 at 1). A motion under Section 3582(c)(2), however, is a continuation of the criminal proceeding and thus utilizes the criminal style. *E.g., United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010) ("[A] § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case ….") (internal quotes omitted).

As the Court stated in its previous order, whether an amendment to the guidelines applies retroactively for purposes of Section 3582(c)(2) is governed by that statute. A sentencing court may modify a term of imprisonment based on retroactive application of a Guidelines amendment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement says that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). The list found at U.S.S.G. § 1B1.10(d) did not, and still does not, mention Amendment 794. The amendment therefore cannot be applied retroactively to the defendant.[2]

For the reasons set forth above, the defendant's motion to reopen and reconsider is **denied**.

DONE and ORDERED this 22nd day of August, 2017.

                                                    s/WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The defendant insists, correctly, that Amendment 794 is merely a "clarifying" amendment. (Doc. 300 at 1-2). The distinction between clarifying amendments and substantive amendments is of no consequence for purposes of a Section 3582(c)(2) motion. *See, e.g., United States v. Armstrong*, 347 F.3d 905, 908-09 (11th Cir. 2003) ("While consideration of … a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2). … [O]nly amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).").